Robert Farris-Olsen
Morrison, Sherwood, Wilson & Deola
P.O. Box 557
Helena, MT  59624
(406) 442-3261 Phone
(406) 443-7294 Fax
rfolsen@mswdlaw.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| CYNTHIA CARSEN,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA DEBT RECOVERY, LLC, d/b/a GENESIS<br><br>Defendant. | Cause No: _____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Cynthia Carsen, individually, and for her complaint against Columbia Debt Recovery, LLC, d/b/a Gensis ("Genesis")

### PARTIES, JURISDICTION & VENUE

1. Plaintiff Cynthia Carsen is a resident of Helena, Lewis and Clark County, Montana. At the time of the events alleged herein, she was a resident of Billings, Yellowstone County, Montana

2. Columbia Debt Recovery, LLC, is a Washington State limited liability company, operating in Montana through its assumed business name of

Genesis.

3.     This action is premised on claims arising under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. Jurisdiction is therefore proper pursuant 28 U.S.C. § 1331.

4.     The Court may exercise supplemental jurisdiction over Plaintiff's MCPA claims pursuant to 28 U.S.C. § 1367(a).

5.     Venue is proper pursuant to 28 U.S.C. § 1391(b) because the defendant resides in Montana.

6.     Divisional venue is proper in the Billings division pursuant to U.S. Dist. Ct. Local Rule 3.2(b) and § 25-2-124, MCA.

## BACKGROUND

7.     On or about May 6, 2019, Ms. Carsen entered into a residential lease with Shiloh Glenn for an apartment at their property located at 3900 Olympic Blvd, Billings, Montana.

8.     As part of the lease, she paid Shiloh Glenn a $300 security deposit.

9.     The lease was for a term of one year, with a base rent of $720 per month.

10.    Ms. Carsen paid the rent through a combination of Section 8 housing assistance, and her own funds.

11.    After approximately one month, Ms. Carsen gave her thirty-day notice to vacate the property. She notified Shiloh Glenn that she would be leaving the

property on June 29, 2019.

12. As justification, she explained that she had a stalker who had broken into the apartment and garage, and her car was stolen. Under the terms of the lease, this was an acceptable reason for vacating the premises.

13. On or about June 26, 2019, Ms. Carsen provided a forwarding address for where Shiloh Glenn could reach her.

14. Ms. Carsen also called Shiloh Glen twice in June to advise that she was leaving and to provide a new mailing address.

15. By June 29, 2019, Ms. Carsen had moved out of the property.

16. After Ms. Carsen moved out of the property, and on or about July 19, 2019, Shiloh Glenn printed a notice of alleged damages to the property, and an account of what Ms. Carsen allegedly owed.

17. The letter was never provided to Ms. Carsen at her forwarding address. As a result, Ms. Carsen never saw this letter.

18. Just over a month later, on August 26, 2019, Shiloh Glenn placed the alleged amount due - $475.40 – for collections with Columbia Debt Recovery d/b/a Genesis (Genesis).

19. On or about August 31, 2019, Stephanie from Genesis called Ms. Carsen.

20. Stephanie continued calling through the second week of September with calls on or about September 9, 12 and 13, 2019.

21. At no point prior to September 13, 2019, did Genesis advise in writing that Ms. Carsen had the right to dispute her debt and ask for the name of the original creditor.

22. Finally, on or about September 13, 2019, Genesis mailed Ms. Carsen a notice advising her that her alleged debt to Shiloh Glenn had been placed for collection with Genesis. The notice further provided that she could dispute the debt within 30 days and ask for the name of the original creditor.

23. On or about September 25, 2019, Stephanie called Ms. Carsen again.

24. Thereafter, on or about September 30, 2019, Ms. Carsen disputed the debt and requested proof that she owed the debt. Included in this request she advised Genesis to contact Consumer Reporting Agencies (CRAs) to report the debt as disputed.

25. On or about October 7, 2019, Genesis responded to the dispute with her alleged, itemized account balance.

26. Stephanie again contacted Ms. Carsen on October 9, 2019.

27. On or about October 21, 2019, Ms. Carsen advised Genesis to stop contacting her to collect the debt. Subsequently, Genesis ceased communication with Ms. Carsen.

28. However, at that point, Genesis had reported Ms. Carsen to the CRAs and she was being reported as delinquent starting in October 2019. Genesis continued reporting Ms. Carsen as delinquent through at least February 2020.

29. At no point had Shiloh Glen or Genesis obtained a judgment against Ms. Carsen for any amount, let alone the amount claimed.

30. On or about June 9, 2020, Ms. Carsen, through counsel, disputed the debt to Genesis with each of the CRAs. She attached a copy of her driver's license and an order out of the Montana Fourth Judicial District Court, Missoula County.

31. The Order found that it was improper for a landlord to send an alleged debt to a debt collector without first obtaining a judgment.

32. After receiving the disputes, the CRAs forwarded them to Genesis for review. The Missoula Court's Order was not readable, so counsel emailed Genesis a copy of the order on June 30, 2020.

33. Subsequently, the CRAs took action. Trans Union deleted the tradelines. Experian did not change the tradeline as Genesis had verified its accuracy. Equifax has not yet responded.

34. Based on the foregoing, Ms. Carsen suffered damages, including but not limited to, damages to her credit score, and emotional distress.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

35. The preceding paragraphs are realleged as though set forth in full hereunder.

36. Plaintiff is a "consumer" pursuant to the FDCPA.

37. Defendants are "debt collectors" pursuant to the FDCPA.

38. Defendants were attempting to collect a "debt" pursuant to the FDCPA.

39. Genesis' FDCPA violations include, but are not limited to:

   a. Falsely representing the character, amount, or legal status of the debt owed as there was no judgment as required under the Residential Landlord Tenant Act ("RLTA") to both Ms. Carsen and the CRAs. 15 U.S.C. §§ 1692e(2)(A), 1692(e)(8), 1692e(10).

   b. Falsely representing that Genesis was entitled to interest on the alleged debt as there was no judgment under the RLTA to Ms. Carsen and the CRAs. 15 U.S.C. §§ 1692e(2)(A), 1692(e)(8), 1692e(10).

   c. Attempting to collect the debt in violation of the RLTA. 15 U.S.C. § 1692f(1).

   d. Failing to provide the written notice required under 15 U.S.C. § 1692g within five (5) days of its initial communication with Ms. Carsen.

   e. Reporting false credit information to the CRAs which was known to be false. 15 U.S.C. § 1692e(8).

40. As a result of these actions Defendants are liable for actual and statutory damages, and attorneys' fees.

### COUNT II – MONTANA CONSUMER PROTECTION ACT

41. The preceding paragraphs are realleged as though set forth in full hereunder.

42. Plaintiff is a "consumer" under the MCPA.

43. Defendants were engaged in "trade or commerce."

44. Defendants' acts and/or practices were unfair and/or deceptive in violation of § 30-14-103, MCA. Such unfair or deceptive acts and practices include, but are not limited to:

    a. Falsely representing the character, amount, or legal status of the debt owed as there was no judgment as required under the Residential Landlord Tenant Act ("RLTA") to Ms. Carsen.

    b. Falsely representing that Genesis was entitled to interest on the alleged debt as there was no judgment under the RLTA to Ms. Carsen.

    c. Attempting to collect the debt in violation of the RLTA.

    d. Failing to provide the written notice required under 15 U.S.C. § 1692g within five (5) days of its initial communication with Ms. Carsen.

45. As a result of Defendants' actions, Plaintiff suffered an ascertainable loss of money or property, including, but not limited to the costs of disputing the alleged debt with Genesis.

46. Defendant is liable for Plaintiff's actual or statutory damages, treble damages, and attorneys' fees.

## COUNT III – FAIR CREDIT REPORTING ACT

47. The preceding paragraphs are realleged as though set forth in full hereunder.

48. After receiving a dispute from a consumer reporting agency, a creditor or furnisher of information must conduct a reasonable investigation into the matters disputed and correct the reports made to the credit reporting agencies to ensure that the information on the consumer's report is accurate.15 U.S.C. §1681s(2)(B).

49. Following disputes by Ms. Carsen, the CRAs conveyed her disputes to Genesis by computer or otherwise. Genesis failed to conduct a reasonable investigation of Ms. Carsen's account, failed to change its reports, and continued to inaccurately report the Genesis account.

50. Genesis is liable to Ms. Carson for damages and attorney fees under 15 U.S.C. § 1681n and/or §1681o

WHEREFORE, Plaintiff prays for Judgment against Defendant by the Court or Jury:

1. That she be awarded all her actual and statutory damages, along with interest on damages;
2. That she be awarded damages for embarrassment, emotional distress and loss of quality of life;
3. That she be awarded punitive damages;
4. That she be awarded treble damages under § 30-14-133, MCA.
5. That she be awarded her costs and attorneys' fees.
6. For such other and further relief as may be just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to F. R. Civ. P. 38, Plaintiffs hereby demand a trial by jury.

DATED this 17th day of August, 2020.

      MORRISON, SHERWOOD, WILSON & DEOLA

    By:  /s/  Robert Farris-Olsen
       Robert Farris-Olsen
       *Attorney for Plaintiff*